IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK D. WATSON, et al.,** | Case No. 5:24-cv-00788 |
| Plaintiffs, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **THOR MOTOR COACH, INC.,** | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Before the Court is Defendant Thor Motor Coach, Inc.'s ("TMC") Motion to Change/Transfer Venue filed on May 6, 2024. (Doc. No. 5.) On May 20, 2024, Plaintiffs Mark D. and Mary E. Watson ("the Watsons") filed an Opposition. (Doc. No. 6.) And, on May 23, 2024, TMC filed a Reply in support of its Motion. (Doc. No. 8.)

For the following reasons, the Court GRANTS TMC's Motion to Change/Transfer Venue.

**I.     Procedural History**

On April 1, 2024, the Watsons filed a lawsuit against TMC in the Stark County Court of Common Pleas. (Doc. No. 1-1.) They allege that they purchased a recreational vehicle ("RV") manufactured and warrantied by TMC which TMC, through its dealer, has been unable to repair in violation of the Ohio Lemon Law, the Magnuson-Moss Warranty Act, the Ohio Uniform Commercial Code, an implied warranty, and the Ohio Consumer Sales Practices Act. (*Id*.)

On May 2, 2024, TMC removed the Watsons' action to this Court. (Doc. No. 1.) Then, on May 6, 2024, TMC filed a Motion to transfer this case to the Northern District of Indiana under 28 U.S.C. § 1404 or, in the alternative, to dismiss it for improper venue. (Doc. No. 5.) On May 20,

2024, the Watsons filed an Opposition to TMC's Motion to Transfer. (Doc. No. 6.) And, on May 23, 2024, TMC filed a Reply in support of its Motion. (Doc. No. 8.)

## II.     Factual Allegations

### A.     The Watsons' Complaint

The Watsons set forth the following allegations in their Complaint. (Doc. No. 1-1.)

On September 29, 2022, the Watsons purchased a new 2023 Tuscany 45BX RV. (*Id*. at ¶ 3.) TMC manufactured and warrantied the RV, and the Watsons purchased it from General RV Center in North Canton, Ohio. (*Id*.) The RV cost $449,946.71. (*Id*. at ¶ 5.)

Because of TMC's "ineffective repair attempts" made through its authorized dealer, the Watsons cannot "utilize[]" the RV "for the purpose [they] intended" when they bought it. (*Id*. at ¶ 6.) Therefore, the RV "is worthless and/or substantially impaired." (*Id*.)

"In consideration for the purchase of the [RV], [TMC] issued to [the Watsons] one or more written warranties." (*Id*. at ¶ 7.)

On at least four occasions, the Watsons brought the RV to the dealership "for the following defects: inoperable dish satellite connections, navigation screen inoperable, underneath storage slides inoperable, heating systems inoperable, and sensor electrical issues." (*Id*. at ¶ 8.)

The Watsons "notified" TMC "and/or" its authorized dealer "on one or more occasions, and/or formally notified [TMC] by letter" that they intended to "revoke acceptance of the [RV] and requested the return of all funds paid toward the [RV]." (*Id*. at ¶ 9.)

Because TMC was "unable, unwilling and/or has refused to conform" the RV to the warranty and service contract "by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time" it violated the Ohio Lemon Law and Magnus-Moss

Warranty Act. (*Id*. at ¶¶ 17, 25.)  Additionally, the RV's "defects and nonconformities" are breaches of the express warranty, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose.  (*Id*. at ¶¶ 32, 38.)  Finally, TMC violated the Ohio Consumer Sales Practices Act by making false representations about the RV (*id*. at ¶¶ 49-52), not disclosing defects (*id*. at ¶ 57), avoiding its obligations to the Watsons (*id*. at ¶ 62), exhibiting incompetency in its repairs of the RV (*id*. at ¶ 63), failing to honor the implied warranty of merchantability (*id*. at ¶ 64), and refusing to accept the Watsons' "revocation of acceptance" of the RV.  (*Id*. at ¶ 65.)

### B. The Warranty Registration Form

While the Watsons did not attach a copy of the RV's warranty or warranties to their Complaint, TMC attached to its Opposition a copy of the "Thor Motor Coach Product Warranty Registration Form" ("the Warranty"). (Doc. No. 5-1.)  The Watsons both signed the Warranty when they purchased the RV. (*Id*. at PageID# 118.)  Relevant here, the Warranty provides that

> [E]xclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and implied warranties that arise by operation of law as well as those relating to representations of any nature must be filed in the courts within the state of manufacture, which is Indiana, if there is a conflict between this forum selection clause and another party's forum selection clause, this forum selection clause controls.

(*Id*.)

The Court will consider the Warranty and its forum selection clause in resolving TMC's Motion to Transfer.  *See, e.g., Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 877 n.3 (M.D. Tenn. 2019) ("The Court appropriately considers facts outside the pleadings in resolving a motion to transfer.").

### III.     Law and Analysis

#### A.      28 U.S.C. § 1404(a)

TMC moves to transfer this action under 28 U.S.C. § 1404(a) to the Northern District of Indiana based on the Warranty's forum selection clause. A motion to transfer under Section 1404(a) is appropriate where, as here, the forum selection clause designates another court "within the federal court system." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The first step when analyzing a motion to transfer is "to establish an adequate alternative forum." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009). Such a forum is one where "the defendant is amenable to process" and one that "may remedy the alleged harm." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 494 (6th Cir. 2016).

Next, a court asks, "whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 216 (6th Cir. 2021). If the answer to all these questions is yes, then the court applies *Atlantic Marine's* modified forum non conveniens analysis. *Id*. If the answer to any of these questions is no, then the court instead applies the traditional forum non conveniens analysis. *Id*.

For the following reasons, the Court concludes that it must transfer this case to the Northern District of Indiana.

### B. Adequate Alternative Forum

First, the Northern District of Indiana is an adequate alternative forum where this action "might have been brought." 28 U.S.C. § 1404(a). The Northern District of Indiana would have diversity jurisdiction over this case since the Watsons are citizens of Ohio (Doc. No. 1-1, ¶ 1) and TMC is a citizen of Indiana. (Doc. No. 1, PageID# 3.) And venue would be proper in the Northern District of Indiana since TMC has its principal place of business in Elkhart, Indiana. (*Id.*) The Watsons do not contest this first requirement.

### C. Applicable, Mandatory, Valid, and Enforceable

Nor do the Watsons contest the second and third requirements, namely that the Warranty's forum selection clause applies to their claims and is mandatory. The forum selection clause explicitly provides that any claim of "alleged breach of express warranty and implied warranties . . . as well as [legal disputes] relating to representations of any nature must be filed in . . . Indiana." (Doc. No. 5-1, PageID# 118.) Here, all of the Watsons' claims relate to TMC's alleged failure to repair the RV per the terms of the Warranty, and thus they fall under the forum selection clause. Further, because the clause provides that the Northern District of Indiana is the "*exclusive* jurisdiction for deciding legal disputes" and any claims relating to the Warranty "*must* be filed there" (*id.*), the clause is mandatory and not permissive. *See Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 509 (N.D. Ohio 2022) (finding mandatory a forum selection clause providing that a claim "*will* be adjudicated" in Washington and that the party consents to the "*exclusive* jurisdiction" of Washington); *see also Advanced Critical Devices, Inc. v. Boston Sci. Corp.*, 2022 U.S. Dist. LEXIS 77662 at *14 (N.D. Ohio Apr. 28, 2022) (finding that under Sixth Circuit case law words like "shall" and "exclusive" mean a forum selection clause is mandatory).

5

The Watsons contest the fourth requirement and contend that the forum selection clause is invalid and unenforceable. Federal common law governs the validity and enforceability of forum selection clauses in a diversity suit. *Wong*, 589 F.3d at 826. Courts look to three factors under federal law to determine whether a clause is invalid and unenforceable: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id*. at 828. The Watsons bear the burden of showing that the Court should not enforce the forum selection clause. *Id*.

The Watsons first argue that they are "individual[s]," not "sophisticated business entities," and as such had "no bargaining power and no opportunity to negotiate the unconscionable adhesion contract" (meaning the Warranty). (Doc. No. 6, PageID# 127.) But "[a] forum selection clause will not be invalidated simply due to a party's lack of sophistication, unequal bargaining power, or lack of ability to negotiate over the clause." *Polansky v. Forest River, Inc*, 2023 U.S. Dist. LEXIS 149781 at *15 (S.D. Ohio Aug. 24, 2023) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593 (1991)). Rather, the Watsons must show that TMC used the disparity in bargaining power to take "unfair advantage" of them. *Id*. They fail to do so here.

The Watsons next argue that the Northern District of Indiana would be "seriously inconvenient" since the closest court in that district is "roughly four hours and 10 minutes driving" from the Watsons' residence. (Doc. No. 6, PageID# 124-25.) But "mere inconvenience" to the Watsons is insufficient for the forum selection clause to be unenforceable. *Wong*, 589 F.3d at 829. The Watsons must show that the inconvenience is so manifest and grave that it will effectively deprive them "of a meaningful day in court." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718,

6

722 (6th Cir. 2006). While litigating this case in Indiana rather than in Ohio may be inconvenient, a four- or five-hour drive will not deprive the Watsons of their day in court. *See id.* (finding it "difficult to comprehend Defendant's contention that the distance between Ohio and Pennsylvania would deprive Defendant of its day in court" because "Ohio and Pennsylvania are neighboring states" even if "Defendant may have to travel a few hours").

The Watsons have not met their burden of showing that the Warranty's forum selection clause is invalid and unenforceable. Accordingly, the Court will apply *Atlantic Marine's* modified forum non conveniens analysis to the clause.

### D.   The Atlantic Marine Analysis

Under *Atlantic Marine's* modified analysis, "the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surfaces*, 16 F.4th at 215 (quoting *Atlantic Marine*, 571 U.S. at 63-64). The plaintiff "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 571 U.S. at 67. Because the public-interest factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. Under this analysis, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59-60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

In their Opposition, the Watsons do not cite *Atlantic Marine*, much less address its analysis. Nor do they explain how this case is "unusual" or "exceptional" such that the forum selection clause should not control. Rather, the Watsons focus their argument on the alleged facts that it would be

7

"extremely inconvenient" for them and for potential witnesses to try this case in Indiana and that "all evidence" is in Ohio. (Doc. No. 6, PageID# 128.) But inconvenience, the cost of witnesses' attendance, and access to sources of proof are all private interest factors that the Court may not consider where there is a valid and enforceable forum selection clause. *Atlantic Marine*, 571 U.S. at 64; s*ee also Knecht v. Thor Motor Coach, Inc.*, 2017 U.S. Dist. LEXIS 211125 at *4-6 (N.D. Ohio Dec. 22, 2017) (Gwin, J.) ("In arguing against enforcement, Plaintiff primarily relies on private-interest factors, particularly the convenience of parties and witnesses. Because the Court cannot consider such factors in this § 1404(a) analysis, Plaintiff's argument loses."). Since the Watsons have not met their burden of showing that public interest factors "overwhelmingly" weigh against transfer, the Court transfers this case to the Northern District of Indiana.

## IV.     Conclusion

For the foregoing reasons, the Court GRANTS TMC's Motion to Change/Transfer Venue (Doc. No. 5) and, under 28 U.S.C. § 1404(a), transfers this case to the Northern District of Indiana.

**IT IS SO ORDERED.**

Dated: June 12, 2024                               *s/ Pamela A. Barker*
                                                                PAMELA A. BARKER
                                                                UNITED STATES DISTRICT JUDGE